## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 97-20148
Summary Calendar

_____

FRANCIS F. EMAN-HENSHAW,

Plaintiff-Appellee,

versus

PARK PLAZA HOSPITAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-95-CV-1320)

_____

October 20, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Park Plaza Hospital appeals the denial of its motion to compel

arbitration of Francis F. Eman-Henshaw's Title VII claims.  We

**REVERSE** and **REMAND**.

I.

In 1993, Eman-Henshaw, who was employed at Park Plaza, signed

an agreement to arbitrate "any and all events that arise out of

employment ...."  This agreement is contained in the acknowledgment

---

[*]     Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

form for the January 1993 version of Park Plaza's employee handbook.

In April 1995, Eman-Henshaw filed this action against Park Plaza, claiming that, in violation of Title VII, he was denied a promotion in August 1993 because of sex and national origin discrimination.  (All three applicants were black, Park Plaza employees; one was a woman; and Eman-Henshaw was the only Nigerian. The woman received the promotion.)  Park Plaza moved to compel arbitration pursuant to § 4 of the Federal Arbitration Act (FAA), 9 U.S.C. § 4.  The district court denied the motion without a hearing and without otherwise stating any reasons for the denial.

## II.

Park Plaza appeals pursuant to 9 U.S.C. § 16(a)(1)(B), which permits an appeal from an order "denying a petition under [§] 4 ... to order arbitration to proceed".  It contends that the court erred by summarily denying its motion to compel arbitration.  Eman-Henshaw responds that the denial should be affirmed because (1) the FAA does not apply to the arbitration agreement; (2) it is unenforceable for failure of consideration; and (3) Park Plaza waived, or is estopped from asserting, its right to arbitration. We review the denial *de novo*.  ***Snap-On Tools Corp. v. Mason***, 18 F.3d 1261, 1264 (5th Cir. 1994).

### A.

Section 4 of the FAA provides that, when a party petitions the court to compel arbitration under a written arbitration agreement, "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. The FAA "leaves no place for the exercise of discretion by a district court" to deny a party's motion to compel arbitration when the parties have agreed to arbitrate their disputes and the disputed issue is within the reach of the arbitration clause. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Title VII claims are subject to arbitration. *Rojas v. TK Communications, Inc.*, 87 F.3d 745, 747-48 (5th Cir. 1996); *Alford v. Dean Witter Reynolds, Inc.*, 939 F.2d 229, 230 (5th Cir. 1991).

Eman-Henshaw contends that the district court had discretion to deny the motion because § 4 applies only when the party seeking arbitration files an original judicial proceeding to compel arbitration, not where, as here, the party files a motion in a pending action. But, he cites no authority for that interpretation, and makes no attempt to distinguish cases in which § 4 has been invoked through a motion filed by the defendant in a pending action rather than by an original judicial proceeding.

- 3 -

*See, e.g.,* **Byrd**, 470 U.S. at 214-15; **Folse v. Richard Wolf Med. Instruments Corp.**, 56 F.3d 603, 604-05 (5th Cir. 1995).

## B.

The FAA applies to contracts "evidencing a transaction involving commerce". 9 U.S.C. § 2. The Supreme Court has held that this phrase "signals an intent to exercise Congress's commerce power to the full." **Allied-Bruce Terminix Cos., Inc. v. Dobson**, 513 U.S. 265, 277 (1995). "Commerce" under the FAA is defined broadly, **Atlantic Aviation, Inc. v. EBM Group, Inc.**, 11 F.3d 1276, 1280 (5th Cir. 1994), and includes all contracts "relating to interstate commerce". **Mesa Operating Ltd. Partnership v. Louisiana Intrastate Gas Corp.**, 797 F.2d 238, 243 (5th Cir. 1986) (internal quotation marks and citation omitted).

Eman-Henshaw maintains that the FAA is inapplicable because the record contains no evidence of interstate commerce involvement. To the contrary, it contains evidence that Park Plaza engages in interstate business activities such as receiving goods and services from out-of-state vendors, treating out-of-state patients, and receiving payment from out-of-state insurance carriers for services rendered. Eman-Henshaw's employment as a food service worker at the hospital facilitates its interstate commerce activities. Accordingly, the FAA applies.

## C.

- 4 -

Next, Eman-Henshaw asserts that the arbitration agreement is not binding because the acknowledgment form containing that agreement provides that no written agreement concerning employment terms or conditions is valid unless signed by a facility executive director and senior officer of American Medical International Hospitals of Texas, Ltd. (AMI), which owned Park Plaza at that time; and the form contains no such signatures. We disagree. The acknowledgment was signed by Eman-Henshaw; the fact that it was not signed by AMI or Park Plaza officials does not preclude Park Plaza from enforcing it. *See **Patterson v. Tenet Healthcare, Inc.***, 113 F.3d 832, 834-35 (8th Cir. 1997) (enforcing arbitration agreement identical to the one at issue in this case).

## D.

Eman-Henshaw maintains that Park Plaza waived its right to enforce the arbitration agreement, or is estopped to assert that right, because it refused to arbitrate his grievance. "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." ***Walker v. J. C. Bradford & Co.***, 938 F.2d 575, 577 (5th Cir. 1991) (internal quotation marks and citation omitted). But, "[w]aiver of arbitration is not a favored finding, and there is a presumption against it." ***Williams v. Cigna Financial Advisors, Inc.***, 56 F.3d 656, 661 (5th Cir. 1995) (brackets, internal quotation marks, and citation omitted). "A party asserting waiver

- 5 -

... bears a heavy burden of proof in its quest to show that an opponent has waived a contractual right to arbitrate." *Walker*, 938 F.2d at 577.

The employee handbook provides that employees who are dissatisfied with the internal resolution of their grievances may use arbitration as the final step in the complaint process and may "request Alternative Dispute Resolution in writing". Because Eman-Henshaw does not claim that he ever requested arbitration of his grievance, Park Plaza could not have refused to arbitrate it. Accordingly, Eman-Henshaw has not met his "heavy burden" of showing that Park Plaza waived its right to arbitration.

## E.

Finally, Eman-Henshaw maintains that the agreement to arbitrate is not enforceable because the consideration for his promises failed when Park Plaza declined to arbitrate his grievance. Again, we disagree. In exchange for agreeing to submit all employment-related disputes to arbitration, Eman-Henshaw received consideration in the form of continued salary and employment.

## III.

For the foregoing reasons, the order denying the motion to compel arbitration is **REVERSED**, and the case is **REMANDED** for further proceedings consistent with this opinion. Park Plaza's motion to supplement the record is **DENIED**.

*REVERSED and REMANDED; MOTION DENIED*